*143 Report of the Committee on Privileges and Elections, on the RESOLBTION OF THE ASSEMBLY, RELATIVE TO THE RIGHT OF ABSALOM E. Miller to a Seat in the House!
Mr. Richmond, from tlie committee on privileges and elections, to whom was referred the following resolution of the Assembly, to wit:
Resolved, That Mr. Absalom E. Miller, who presents a certificate from the board of county canvassers of the city and county of New York, declaring Absalom A. Miller, to have been elected a member of Assembly from that city and county, be permitted to be qualified, and take his seat'as a duly elected member of Assembly from the said city and county, reports : That from the evidence adduced before the committee, it appears that Absalom E. Miller, the person claiming a seat as a member of this. House, was nominated as a candidate for member of the Assembly, for the city and county of New York, by a nominating committee in said city, at the same time and in the same manner with the members from said city and county, who have received tli’eir certificates of election, and been admitted to their seats. A printed ballot or ticket containing the names of thirteen candidates for the Assembly, embracing the names of the present sitting members, and also the name of Absalom A. Miller, was distributed among the electors, and received a majority of the suffrages of that county. No person answering to that name has appeared to claim his seat. t Nor have your committee, after the most diligent inquiry they have been able to make, ascertained that there is any person of that name in the said city and county. It appears by the testimony of the Hon. Edmond J. Porter, that he was personally acquainted with the petitioner, Absalom E. Miller, before the election, and that he voted for him by the name of Absalom A. Miller, as the name was printed, and that the person intended by him was the petitioner. The affidavit of five persons who were members of the nominating committee, who formed the tickets on which was the name of Absalom A. Miller, together with a similar certificate of the chairman and secretaries of the general nominating committee, shows that the petitioner was the person intended, and understood to be nominated by them.
The board of county canvassers of the city and county of New York, have, by a formal resolution, expressed their opinion that the name of Absalom A. Miller, as voted at the general election, held on the 4th day of November, 1840, was intended for Absalom E. Miller, the petitioner.
*144 From this evidence, your committee have no difficulty in coming to the conclusion that the petitioner is the person intended and voted for, by the electors of the city and county of New York, at the general election, on the 4th day of November last, under the name of Absalom A. Miller.
The Constitution provides that each House shall be the judge of the qualification of its own members.
This clause has been always construed to extend not merely to their qualifications as to age, citizenship, etc., but also to embrace all questions relating to the fact of their election.
The essence of an election is the will or intention of the electors. All the rules on the subject are for the purpose of ascertaining their intention.
The manner in which the will of the people shall be expressed, is prescribed by law, and ought to be observed; yet in construing those laws, the object of them should be kept constantly in view. If the intention of the electors is ascertained, although all the regulations may not be literally complied with ; still the very object of the regulations themselves is attained.
The statute requires that the ballot shall contain the name of the person for whom the elector intends to vote. This, however, has not been construed literally, either by the State canvassers or by our courts of justice. Ballots are constantly allowed which do not contain the name, but an abbreviation of the name. The supreme court has referred questions of that kind, and even when nothing of the Christian name but the initial letter was used, to a jury, to ascertain, from extrinsic evidence, whafcwas the intention of the elector. The principle is established, that the statute does not require the name to be written out in full. It is also established, that the intention of the elector shall govern, and that this intention may be ascertained by extrinsic evidence. The principle would, doubtless, not be extended to cases where the name does not identify the party at all, but would be limited to those cases where the similarity of the name used to the true name, furnishes a strong presumption of the identity of the person intended.
Your committee are impresssed with the belief, that questions of election to this House are left in broad terms by the Constitution to be decided by the House. That in all such questions, it is the duty of the House to look mainly to the intention of the electors, and, if possible, to carry that intention into effect. And that for that pur *145 pose, it should give the most liberal and enlarged construction to the provisions of the statute.
This case is a peculiar one; the discrepancy in the names is slight; and although it might be considered material in the precision of legal proceedings, yet it is respectfully submitted that it ought not so to be held in this legislative inquiry; where the identity of the person is clearly ascertained from other evidence, and where such a construction would produce an irremediable injury.
No slight reason should induce representatives to impair the sacred right of representation. Nothing but the most clear and imperative rules of established law can justify a legislative body in depriving any portion of the people of their equal voice in enacting the laws which they are compelled to obey.
Deeply impressed with these views, your committee ask leave to offer the following preamble and resolution :
Whereas, This House is convinced, by the evidence before it, that. the person intended by the name of Absalom A. Miller, contained in the returg. of the board of canvassers in the city and county of New York, is Absalom E. Miller, and that the said Absalom E. is the person intended by the name of Absalom A. Miller, as printed on the ballots of a majority of the electors of the said city and county; therefore,
Resol/uecl, That the said Absalom E. Miller is entitled to a seat in this House, and that lie be admitted and sworn a member thereof, f&r the city and county of New York.
Assembly Documents, 1841, vol. 2, No. 17. See Documents, pages 5, 6, 7.
Mr. Holly moved to amend the said resolution by adding at the ending .thereof the words, “and that he receive the pay of a member from the first day of this session inclusive.”
Mr. Speaker put the question whether the House would agree to said motion of Mr. Holly, and it was determined -in the affirmative.
Me. MlLLEE AWARDED THE SEAT.
The question then recurred upon the said preamble and resolution as amended, which were again read.
Mr. Speaker put the question whether the House would agree to said preamble and resolutions as amended, and it was determined'in the affirmative.
*146 Mr. Absalom E. Miller tlien appeared in the Assembly chamber.
Thereupon, Mr. Speaker duly administered to him the oath of office prescribed by the constitution.
Assembly Journal, 1841, pages 65 and 66.